UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | Civil Action No. 1:23-cv-01525 |

**JOINT PROPOSED SCHEDULE**

Plaintiff Al Otro Lado, Inc. and Defendant Immigration and Customs Enforcement ("ICE"), by counsel and pursuant to the Court's September 20, 2023, Minute Order, respectfully submit this proposed joint schedule:

1. At issue in this Freedom of Information Act ("FOIA") lawsuit are certain records covered by 5 U.S.C. § 552(a)(2). On October 8, 2021, Plaintiff submitted a FOIA request to ICE seeking native format production of all agency FOIA logs—documenting every record released under § 552(a)(3) that "ha[s] been requested 3 or more times" or is "likely to become the subject of subsequent requests for substantially the same records," § 552(a)(2)(D); *see id.* § 552(a)(2)(E)—for the period between October 1, 2017, and September 30, 2021. Plaintiff filed suit on May 27, 2023, to seek production of these logs. ECF No. 1. Plaintiff then amended its complaint on July 19, 2023, to allege that ICE had improperly withheld and had to produce other records covered by § 552(a)(2)(A)–(E), specifically final opinions and orders, statements of policy and interpretation not published in the Federal Register, and administrative staff manuals and instructions. ECF No. 13. Defendant answered the First Amended Complaint on September 19,

2023.  ECF No. 16.  On September 20, 2023, the Court directed the parties to confer and submit a joint proposed schedule for further proceedings, including a proposed schedule for the processing and release of responsive records or for briefing dispositive motions, by October 4, 2023.

2. On September 25, 2023, Plaintiff submitted a new FOIA request to Defendant for the § 552(a)(2) records sought in its First Amended Complaint: FOIA logs, final opinions and orders, unpublished statements of policy and interpretation, administrative staff manuals and instructions, and other records required to be disclosed under § 552(a)(2)(A)–(E).

3. The parties met and conferred by phone on September 27, 2023, and October 3, 2023, and by email in between these dates, concerning the joint proposed schedule for further proceedings and Plaintiff's new written FOIA request to the agency.

4. The parties disagree as to whether this written request is required for this Court to exercise jurisdiction over all of the § 552(a)(2) violations alleged in the First Amended Complaint. In the interest of avoiding such a dispute, the parties agree that Plaintiff may file a Second Amended Complaint to include the new FOIA request either (a) on or after October 31, 2023 (i.e., twenty working days after Defendant received the request), or (b) immediately if Defendant denies the request, whichever occurs first.

5. The parties further agree that Defendant will make monthly rolling productions of the non-exempt portions of the requested FOIA logs.  On September 6, 2023, Defendant made an initial production of the FOIA logs for the period between January 2018 and March 2018, i.e., Q1 2018.[1]  It produced an Excel spreadsheet containing 983 rows of potentially responsive data, documenting, for covered records, the requesting organization and requester's name, the request

---

[1] Per the First Amended Complaint, Defendant posted the FOIA logs on its website for each month between September 2007 and December 2017.  ECF No. 13 ¶ 82.  No logs before January 2018 are therefore at issue in this litigation.

ID and received date, and the request description. The parties agree that Defendant will make its next production of FOIA logs on October 6, 2023, and will make rolling productions of logs each month thereafter.

6. The parties disagree about the processing rate for these monthly productions. Defendant is on track to process 500 pages of records per month, which, when applied to the FOIA logs in this case, means that it can process and produce three months' worth of logs for each monthly production and conclude the monthly productions on November 6, 2024. Defendant's position is that a 500-page-per-month processing rate, resulting in the processing and production of a fiscal quarter of FOIA logs each month, is reasonable based on the agency's large FOIA workload and backlog across all FOIA cases and requests; consistent with its standard processing rate across cases; and in line with processing rates approved by courts in this Circuit. *See, e.g., Freedom Watch v. Bureau of Land Mgmt.*, 325 F. Supp. 3d 139, 140, 142 (D.D.C. 2018) (500 pages every 30 days); *Middle E. F. v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185–87 (D.D.C. 2018) (500 pages per month); *id.* at 187 n.3 (noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved," and collecting cases).

Plaintiff's position is that § 552(a)(2) already required and continues to require disclosure of (a)(2) records, such as the FOIA logs. Thus, a typical delayed production schedule designed to address (a)(3) violations does not provide a sufficient remedy for (a)(2) violations. *See N.Y. Legal Assistance Grp. v. Bd. of Immigration Appeals*, 987 F.3d 207, 224 (2d Cir. 2021) (recognizing the need for practical remedies accounting for agency's (a)(2) "burden of producing an electronic archive of nearly a quarter-century of past decisions . . . a problem of [its] own making by its failure to comply with its obligations under FOIA."). Even if it were appropriate, a delayed production schedule requires "the Government [to] show exceptional circumstances exist and that

the agency is exercising due diligence in responding to the request." *See* 5 U.S.C. § 552(a)(6)(C); *Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 117 (D.D.C. 2019) (denying FBI's *Open America* stay for failing to demonstrate exceptional circumstances).

The parties are still negotiating the processing rate issue and are seeking to resolve it without the Court's intervention. The parties respectfully request that the Court provide a further opportunity to submit a joint status report on November 10, 2023, in which the parties will address whether they have been able to resolve their disagreement.

7. In light of the ongoing productions, the parties respectfully submit that it is premature to set a schedule for any dispositive briefing at this time. The parties therefore request that they update the Court in a joint status report on November 10, 2023, about the status of the case and the need for any dispositive briefing.

Dated: October 4, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA (CA Bar No. 332179)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Phone: 202-305-3080
Email: Yoseph.T.Desta@usdoj.gov

*Counsel for Defendant*

/s/ Andrew Fels
Andrew Fels, Esq. TN #036005
3214 Fountain Park Blvd.
Knoxville, TN 37917
865-567-4881
fels@detentionkills.org

/s/ Patrick Taurel
Patrick Taurel, Esq. DC # 741700
Grossman Young & Hammond, LLC
4922 Fairmont Avenue, Suite 200
Bethesda, MD
ptaurel@grossmanyoung.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA
Trial Attorney, U.S. Department of Justice