## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | Civil Action No. 1:23-cv-01525 |

### JOINT PROPOSED SCHEDULE

Plaintiff Al Otro Lado, Inc. and Defendant Immigration and Customs Enforcement ("ICE"), by counsel and pursuant to the Court's December 6, 2023, Minute Order, respectfully submit this joint status report:

1.      At issue in this Freedom of Information Act ("FOIA") lawsuit are certain records allegedly covered by 5 U.S.C. § 552(a)(2). On October 8, 2021, Plaintiff submitted a FOIA request to ICE seeking native format production of all agency FOIA logs for the period between October 1, 2017, and September 30, 2021. Plaintiff filed suit on May 27, 2023, to seek production of these logs. ECF No. 1. Plaintiff then amended its complaint on July 19, 2023, to allege that ICE had improperly withheld other records covered by § 552(a), specifically final opinions and orders, statements of policy and interpretation not published in the Federal Register, and administrative staff manuals and instructions. ECF No. 13. Defendant answered the First Amended Complaint on September 19, 2023. ECF No. 16. On September 25, 2023, Plaintiff submitted a new FOIA request to Defendant for the § 552(a)(2) records sought in its First Amended Complaint: FOIA logs, final

opinions and orders, unpublished statements of policy and interpretation, administrative staff manuals and instructions, and other records required to be disclosed under § 552(a)(2)(A)–(E).

2.     On October 4, 2023, in accordance with the Court's September 20, 2023, Minute Order, the parties submitted a joint proposed schedule. ECF No. 18. The parties reported that because of the ongoing FOIA processing, they believed it was premature to set a schedule for any dispositive briefing. The parties also reported their agreement that Plaintiff would file a Second Amended Complaint to include the new FOIA request. On October 25, 2023, ICE sent a letter to Plaintiff acknowledging receipt of the new FOIA request and indicating its understanding that Plaintiff would file a Second Amended Complaint on or after October 31, 2023. Plaintiff filed its Second Amended Complaint on November 22, 2023, ECF No. 21, and Defendant filed its Answer on December 6, 2023, ECF No. 22.

3.     The parties previously reported in their most recent joint status report from November 9, 2023, that Defendant anticipated being able produce all the requested FOIA logs by January 31, 2024. ECF No. 20 (¶ 5). Defendant continues to work on processing the logs and still anticipates production of all the logs by January 31.

4.     The parties disagree about next steps in the case and set forth their respective positions below.

5.     Defendant's Position: Defendant is engaged in ongoing work regarding the other reading room records identified in Plaintiff's September 25, 2023, FOIA request, and agrees to prioritize the specific records highlighted in that request and the recently-filed Second Amended Complaint, as requested by Plaintiff: (1) ICE detention policies; (2) policies passed by ICE in the past two years; and (3) ICE Directive 11064.2 and any other policies related to child and family separation. Defendant anticipates that it will be able to begin processing for production all the

requested policies at the beginning of February—after it has completed its processing and production of the requested FOIA logs—at its standard rate of processing 500-pages-per-month.[1] Based on its initial review of a central repository of policies that it has recently identified, Defendant anticipates that it will have between 500 and 1000 pages of policies to process. Defendant has not yet had the opportunity to search for, and thus determine an anticipated processing volume or production schedule for, the other requested reading room records because of its ongoing work to process Plaintiff's requested FOIA logs, Plaintiff's recent request for Defendant to prioritize the requested policies, and the continual updates Defendant is making to add records to its online reading room.

Based on this ongoing work and these forthcoming productions, and based on Plaintiff's recent filing of the Second Amended Complaint to bring Plaintiff's September 25, 2023, FOIA request and the documents requested therein appropriately into this case (which Defendant's answered just weeks ago), Defendant believes it is premature to set a dispositive briefing schedule. Defendant is at this point unaware of any potential bases for dispositive briefing. It believes that any present disputes regarding search and processing and production timelines are appropriately resolved not through dispositive briefing under Federal Rule of Civil Procedure 12(c), *infra* p. 7, but instead through proposed production schedule and joint status report filings. And Defendant

---

[1] *See, e.g.*, *Nat'l Sec. Couns. v. U.S. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (stating that agency policy of processing 500 pages per month "ultimately provides more pages to more requesters," "avoid[s] situations in which a few, large queue requests monopolize finite processing resources," and "serves to promote efficient responses to a larger number of requesters"); *Middle E. F. v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185–87 & n.3 (D.D.C. 2018) (approving agency's 500-pages-per-month processing rate over plaintiff's urging that a doubled rate was necessary to avoid production delays; noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved"; and collecting cases); *Colbert v. FBI*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (approving agency's standard processing rate of 500 pages per month over plaintiff's objection that such a rate would delay productions, noting that "courts often give deference to the agency's release policies").

respectfully submits that its diligent progress and the processing and production schedules it has laid out above are amply supported in light of (a) the breadth of documents sought in Plaintiff's September 25, 2023, FOIA request and recently filed Second Amended Complaint (seeking, *inter alia*, *all* ICE staff manuals and instructions and *all* non-published policies, ECF No. 21 ¶¶ 106–07, 140); (b) the time that FOIA and courts handling FOIA cases explicitly contemplate that agencies can take, beyond the limited number of working days agencies have to reach a "determination" before a requester can file suit, to process broad FOIA requests in litigation[2]; and (c) the plain text of the Court's December 6, 2023, Minute Order, which, like the Court's prior scheduling minute order, never provided a deadline by which Defendant had to "complete its search" (*infra* p. 6) and instead simply requested that the parties "submit a joint proposed schedule for further proceedings" including a proposed schedule for processing and releases (which Defendant has provided to the best of its present ability) or dispositive motion briefing (which Defendant has explained is premature).

Defendant respectfully requests that the Court provide the parties a further opportunity to provide a joint status report on February 8, 2024, per the Court's scheduling order, ECF No. 19.[3]

---

[2] *See, e.g., Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189–90 & n.8 (D.C. Cir. 2013) (discussing how "[b]eyond th[e] 30 working days" that FOIA provides for  agencies to reach a determination, "an agency may still need more time to respond to a particularly burdensome request," in which case "the agency may continue to process the request" with "due diligence" during an ongoing suit; how the "penalty" an agency faces for "not adher[ing] to FOIA's explicit timelines" is simply that it cannot rely on "administrative exhaustion to keep cases from getting into court"; and how several FOIA "statutory provisions acknowledge that some requests may require significant processing time to search for, collect, examine, and consult about documents before a 'determination' can be made").  Judicial review of all FOIA suits, and thus of an agency's progress in addressing FOIA requests made under either §§ 552(a)(2) or (a)(3), is governed by § 552(a)(4).  *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 846 F.3d 1235, 1240 (D.C. Cir. 2017) (stating  § 552(a)(4) "governs judicial review of … requests for information under sections 552(a)(1), (2), or (3)").

[3] Undersigned counsel for Defendant will be out of the country on a pre-planned vacation through

6.     Plaintiff's Position: Plaintiff disagrees, however. Defendant still detains thousands of people each day, none of whom can hope to understand Defendant's policies or practices or even find all necessary forms until this case's resolution. Here, Defendant bears the burden of proof. And this is a case under § 552(a)(2), not a typical FOIA case under § 552(a)(3). Thus it is Congress, not Plaintiff, who originally demanded that Defendant post its § 552(a)(2) records online, a demand predating Defendant's existence. And yet Defendant has not complied, nor will it indicate when it might decide to do so. This Court's December 6, 2023 order required the parties to submit either a production schedule or dispositive motion schedule. The parties cannot submit a reasonable production schedule because, as Defendant agrees, it has not yet completed its search.

Defendant has ample capacity to produce the required (a)(2) records. Plaintiff alerted Defendant of its deficient FOIA reading room in its First Amended Complaint, on July 19, 2023, and acquiesced to Defendant by submitting an unnecessary (a)(3) FOIA request on September 25, 2023. In response, Defendant posted thousands of FOIA log pages to its FOIA library, an impressive display of its production capacity. *See* JSR, ECF 20, ¶ 3.

Defendant now claims that it can only produce 500 pages of records per month and that it has lacked the capacity to search for the remaining responsive records. Plaintiff understands that Defendant cannot instantaneously fulfill its § 552(a)(2) obligations to Congress, but neither can Defendant unilaterally decide whether or when to comply, particularly if it will not divulge when it would finish its production.

And even if the comparatively loose requirements of § 552(a)(3) *et. seq.* governed in full— and Plaintiff submits that they do not—Defendant needed at the very latest to complete its search

December 28, 2023, but will then be available to confer with Plaintiff regarding any subsequent joint status report the Court orders.

and supply a determination by November 7, 2023, and then make the records "promptly available." *See Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (a statutorily sufficient determination requires an agency to "gather and review the documents . . . and communicate the scope of the documents it intends to produce and withhold . . ."); 5 U.S.C. §§ 552(a)(6)(A), (B) (setting determination deadlines at a maximum of thirty business days post-request). It did neither. And in an (a)(3) context, the only way that a "court may retain jurisdiction and allow the agency additional time to complete its review of the records," as Defendant requests here, is "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," § 552(a)(6)(C)(i), a showing requiring a government motion. *See Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (denying government's delayed production motion and ordering "the FBI to process 5,000 documents per month responsive to the plaintiff's request" on a rolling basis). Plaintiff is aware of no (a)(2) case where a court has granted delayed production, especially without a government motion satisfying the statutory prerequisites.

Defendant knew it needed to complete its search within two weeks from this Court's December 6 order so as to allow the parties to propose viable production schedules on December 20. It did not complete its search. Defendant could also have tried filing a delayed production motion for the relief it now seeks. Yet it declined.

Therefore, the only option for complying with this Court's instructions—short of simply ordering the Defendant to quickly complete its search, or to produce up to 5,000 pages a month, *see id.*—is a schedule for dispositive motions first addressing the extent to which 5 U.S.C. §§ 552(a)(6)(A) *et. seq.* even applies in an (a)(2) case and, if so, Defendant's justification for failing to conduct a timely search, provide an appropriate determination, make records "promptly

available," or file delayed production motion. Accordingly, Plaintiff respectfully requests the following schedule:

a. The parties will submit a joint status report on Defendant's record determinations and their proposed production schedules, if any, on January 5, 2024;

b. Plaintiff will file a Motion for Judgment on the Pleadings or other motion seeking injunctive relief no later than January 15, 2024;

c. Defendant will file its responsive pleading, if one is required, by February 15, 2024.

Dated:  December 16, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA (CA Bar No. 332179)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Phone: 202-305-3080
Email: Yoseph.T.Desta@usdoj.gov

*Counsel for Defendant*

*/s/ Andrew Fels*
Andrew Fels, Esq. TN #036005
3214 Fountain Park Blvd.
Knoxville, TN 37917
865-567-4881
fels@detentionkills.org

7

/s/ Patrick Taurel
Patrick Taurel, Esq. DC # 741700
Grossman Young & Hammond, LLC
4922 Fairmont Avenue, Suite 200
Bethesda, MD
ptaurel@grossmanyoung.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2023, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA
Trial Attorney, U.S. Department of Justice