# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AL OTRO LADO, INC.,

　　　　　　　　*Plaintiff*,

　　　*v.*

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

　　　　　　　　*Defendant*.

No. 1:23-cv-01525-JMC

# DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
# <u>MOTION FOR SUMMARY JUDGMENT</u>

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ......................................................................................................... 2

I.    Plaintiff lacks standing to challenge ICE's post-search compliance with 5 U.S.C.
      § 552(a)(2) in this case................................................................................. 2

II.   Even if Plaintiff had standing, Plaintiff's list of alleged (a)(2) records cannot
      defeat summary judgment.............................................................................. 5

III.  Plaintiff seeks an impermissible "follow the law" injunction. ........................... 7

CONCLUSION...................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Batton v. Evers,*
    598 F.3d 169 (5th Cir. 2010) ..................................................................................... 5

*Bonner v. U.S. Dep't of State,*
    928 F.2d 1148 (D.C. Cir. 1991) ................................................................................ 2

*Campaign for Responsible Transplantation v. FDA,*
    219 F. Supp. 2d 106 (D.D.C. 2002) .......................................................................... 5

*City of N.Y. v. Mickalis Pawn Shop, LLC,*
    645 F.3d 114 (2d Cir. 2011)....................................................................................... 7

*Corbeil v. U.S. Dep't of Just.,*
    2005 WL 3275910 (D.D.C. Sept. 26, 2005) ............................................................ 6

*CREW v. Dep't of Just.,*
    846 F.3d 1235 (D.C. Cir. 2017) ................................................................................ 4

*Defs. of Wildlife v. Dep't of the Interior,*
    314 F. Supp. 2d 1 (D.D.C. 2004) .............................................................................. 3

*Gilday v. Dubois,*
    124 F.3d 277 (1st Cir. 1997) ...................................................................................... 7

*Gill v. Whitford,*
    585 U.S. 48 (2018)...................................................................................................... 8

*Hardway v. CIA,*
    456 F. Supp. 3d 51 (D.D.C. 2020) ............................................................................ 3

*Humane Soc'y of the United States v. United States Fish & Wildlife Serv.,*
    838 F. App'x 721 (4th Cir. 2020) .............................................................................. 7

*Iturralde v. Comptroller of the Currency,*
    315 F.3d 311 (D.C. Cir. 2003) .................................................................................. 5

*Lahr v. NTSB,*
    569 F.3d 964 (9th Cir. 2009) ..................................................................................... 5

*Lamb v. Millennium Challenge Corp.,*
    334 F. Supp. 3d 204 (D.D.C. 2018).......................................................................... 7

*Louisiana v. Biden,*
    45 F.4th 841 (5th Cir. 2022) ...................................................................................... 8

*McGehee v. CIA,*
    697 F.2d 1095 (D.C. Cir. 1983), *vacated on other grounds on panel reh'g & reh'g en banc
    denied*, 711 F.2d 1076 (D.C. Cir. 1983) .................................................................................. 3

*Payne v. Travenol Lab'ys, Inc.,*
    565 F.2d 895 (5th Cir. 1978) ................................................................................................... 7

*\*Prisology, Inc. v. Fed. Bureau of Prisons*,
    852 F.3d 1114 (D.C. Cir. 2017) ............................................................................................... 4

*Pub. Citizen v. Dep't of Just.*,
    491 U.S. 440 (1989) ................................................................................................................. 4

*Pub. Citizen v. Dep't of State*,
    276 F.3d 634 (D.C. Cir. 2002) ................................................................................................. 3

*Sai v. TSA,*
    315 F. Supp. 3d 218 (D.D.C. 2018) ......................................................................................... 4

*Schoenman v. FBI,*
    573 F. Supp. 3d 119 (D.D.C. 2008) ......................................................................................... 3

*SEC v. Goble,*
    682 F.3d 934 (11th Cir. 2012) ................................................................................................. 7

*W. Ctr. for Journalism v. IRS,*
    116 F. Supp. 2d 1 (D.D.C. 2000), *aff'd*, 22 F. App'x 14 (D.C. Cir. 2001) ............................ 6

*Yeager v. Drug Enf't Admin.*,
    678 F.2d 315 (D.C. Cir. 1982) ................................................................................................. 4

*Zivotofsky ex rel. Ari Z. v. Sec'y of State*,
    444 F.3d 614 (D.C. Cir. 2006) ................................................................................................. 4

**STATUTES**

*\*5 U.S.C. § 552 ..................................................................................................................... 1, 2, 4

**RULES**

Federal Rule of Civil Procedure 65(d) ........................................................................................ 7

**REGULATIONS**

6 C.F.R. § 5.4(a) (2024) ............................................................................................................... 3

## INTRODUCTION

As established in Defendant's opening brief, Immigration and Customs Enforcement ("ICE") has provided all the relief available to Plaintiff—and more—in this FOIA case. After Plaintiff submitted the operative FOIA request for certain 5 U.S.C. § 552(a)(2) records in September 2023 and amended its Complaint for the second time, ICE identified places where responsive records were likely to be located and produced those records in accordance with an agreed-upon production schedule by voluntarily posting them to its online FOIA Library. After that, ICE filed a declaration averring that it searched all files likely to contain responsive materials and finished production of all then-current (a)(2) records. ICE has therefore provided Plaintiff all the relief available to it in this FOIA case, and for that reason alone is entitled to summary judgment in its favor.

Plaintiff fundamentally misunderstands what this case is about. It is not about ICE's recent compliance with § 552(a)(2). Absent a new FOIA request for specific records, Plaintiff does not have standing to challenge ICE's withholding of records that were created after ICE began its search in this case. In any event, ICE has been complying with (a)(2) since it filed its last declaration. And in the interest of demonstrating its good faith and willingness to accommodate Plaintiff beyond what is required of it, ICE has recently conducted supplemental searches for additional (a)(2) records and hereby submits a new declaration as to the results of those searches. So even if Plaintiff had standing to challenge ICE's recent compliance with (a)(2), any remaining outstanding issues in this case would be moot. For all the foregoing reasons, ICE is entitled to summary judgment in its favor.

1

**ARGUMENT**

I.    **Plaintiff lacks standing to challenge ICE's post-search compliance with 5 U.S.C. § 552(a)(2) in this case.**

As explained in Defendant's opening brief, ICE's declaration established that it conducted an adequate search for records responsive to Plaintiff's FOIA request and produced all non-exempt records by voluntarily posting them online. Def.'s Mot. for Summ. J. ("Def.'s Br."), at 11–14, ECF No. 38. In its supplemental declaration, ICE further explained that it conducted a line-by-line review to identify information exempt from disclosure and correctly segregated and released all non-exempt information. *See* Supplemental Declaration of Fernando Pineiro ("Supp. Decl.") ¶ 7–9. ICE also averred in its supplemental declaration that it "did not withhold any non-exempt information on the grounds that it was non-segregable." *Id.* ¶ 9. Plaintiff has therefore received all the relief it is entitled to in this FOIA case.

Notwithstanding, Plaintiff argues that ICE's declaration cannot support summary judgment now because "it cannot address whether Defendant actually complied with its reading room obligations in the intervening months." Pls.' Resp. Opposing Def. Immgr. & Customs Enf't's Mot. for Summ. J. ("Pl.'s Br."), at 11, ECF No. 40; *see also id.* at 13 ("No one knows whether or how Defendant searched for responsive records over the past six months."). That argument fails for the following two reasons: (1) records created after ICE began its searches are not responsive to Plaintiff's September 2023 FOIA request, and (2) Plaintiff lacks standing to challenge ICE's withholding of records without first submitting a new FOIA request for the specific records that it seeks.

*First*, records created after ICE completed its searches are not responsive to Plaintiff's September 2023 FOIA request. An agency's search obligations for each request necessarily have a temporal limitation, or a "cut-off" date. *See Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152

(D.C. Cir. 1991) (observing that "[t]o require an agency to adjust or modify its FOIA responses based on post-response occurrences could create an endless cycle of judicially mandated reprocessing"); *Hardway v. CIA*, 456 F. Supp. 3d 51, 62 (D.D.C. 2020) (finding that defendant did not have "to search for 'documentation that may or may not exist but which, in any event, was created during the course of searching for records responsive to Plaintiff's FOIA request'" (quoting *Schoenman v. FBI*, 573 F. Supp. 3d 119, 140 (D.D.C. 2008)). Records created after the cut-off date are not responsive to the request. *See Defs. of Wildlife v. Dep't of the Interior*, 314 F. Supp. 2d 1, 12 n.10 (D.D.C. 2004) (recognizing that records created after date-of-search cut-off date specifically established by agency regulation "are not covered by [plaintiff's] request").

The D.C. Circuit favors a cut-off date that is based on the date the agency begins its search because it "results in a much fuller search and disclosure" than a cut-off date based on the date of the request or its receipt by the agency. *McGehee v. CIA*, 697 F.2d 1095, 1104 (D.C. Cir. 1983), v*acated on other grounds on panel reh'g & reh'g en banc denied*, 711 F.2d 1076 (D.C. Cir. 1983); *see also Pub. Citizen v. Dep't of State*, 276 F.3d 634, 644 (D.C. Cir. 2002) (favoring "date-of-search cut-off" because its use "might . . . result[] in the retrieval of more [responsive] documents" than would a cut-off based on date of request). Consistent with those authorities, ICE uses a date-of-search cut-off date. *See* 6 C.F.R. § 5.4(a) (2024) ("In determining which records are responsive to a request, a component ordinarily will include only records in its possession as of the date that it begins its search."). Thus, records created after ICE began its search in this case—and indeed, records created months after ICE completed production and submitted its declaration—are not responsive to Plaintiff's FOIA request.

*Second*, Plaintiff does not have standing to challenge ICE's withholding of records for which he did not submit a FOIA request. As explained in Defendant's opening brief, to invoke

federal jurisdiction under § 552(a)(4)(B), Plaintiffs must establish standing by showing that they requested records from the agency, and the agency improperly denied the request. *See Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 449 (1989) (analogizing in non-FOIA case that all that is required to establish standing under FOIA is for requesters to show "that they sought and were denied specific agency records"); *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006). That requirement applies even when Plaintiffs seek to enforce FOIA's proactive disclosure provisions. *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017); *see also CREW v. Dep't of Just.*, 846 F.3d 1235, 1240 (D.C. Cir. 2017) (section (a)(2) case in which plaintiff made a request of the agency, and the agency denied the request). As the D.C. Circuit has explained, Plaintiffs seeking reading room records lack standing to bring suit unless they first "made a request of the agency and the agency denied the request." *Id.* Since no FOIA request covers these recent records, Plaintiff lacks standing to challenge their withholding.

And indeed, without a FOIA request, it is unclear what records the agency should be searching for. FOIA requires requests to "reasonably describe[]" the records sought. 5 U.S.C. § 552(a)(3)(A). Requests must be specific enough for the agency to be able to determine "precisely what records [are] being requested." *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982); *compare Sai v. TSA*, 315 F. Supp. 3d 218, 249 (D.D.C. 2018) (holding that "it is difficult to imagine" a request broader in scope and more burdensome than a "request for all 'policy and/or procedures documents,' past and present" (citation omitted)) *with* Pl.'s Br. at 16 ("[T]his case concerns all of Defendant's (a)(2) records[.]"). For that reason as well, to the extent Plaintiff wishes to police ICE's broader compliance with (a)(2) untethered to any specific request, that attempt falls flat.

4

## II.    Even if Plaintiff had standing, Plaintiff's list of alleged (a)(2) records cannot defeat summary judgment.

The six records Plaintiff identifies were created after ICE completed production in this case, so they are not records that ICE missed in its search and production.  Even if Plaintiff had identified six (a)(2) records that ICE missed in its search, that would still not be enough to defeat summary judgment.  An agency's inability to locate every single responsive record does not undermine an otherwise reasonable search. *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate . . . . After all, particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them."); *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 111 (D.D.C. 2002) (upholding adequacy of search by declaring that agency's belated production of fifty-five additional documents located using information contained in plaintiff's summary judgment motion "is a proverbial 'drop in the bucket'" relative to 27,000 documents already provided to plaintiff); *see also Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (affirming district court's determination that search of locations most likely to hold responsive records was reasonable because "the issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate"); *Lahr v. NTSB*, 569 F.3d 964, 988 (9th Cir. 2009) ("[T]he failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate.").  Here, six records are indeed a "drop in the bucket" compared to the over ten thousand pages of records that ICE produced to Plaintiff.  *Campaign for Responsible Transplantation*, 219 F. Supp. 2d at 111; *see also* ECF No. 31-1 at 9.

In any event, as explained in Defendant's supplemental declaration, two of those documents do not qualify as (a)(2) records, and thus, would not have been responsive to Plaintiff's

request, *see* Supp. Decl. ¶ 13.  As for the remaining four, they either were posted in other places online and have since been added to the FOIA Library as a courtesy, *id.* ¶¶ 14, 16, or have otherwise since been added to the FOIA Library, *id.* ¶ 15.[1]

Finally, though not required for purposes of this case, but in the interest of transparency, ICE re-tasked the program offices that had previously conducted searches and provided responsive records in this case to conduct supplemental searches, even though ICE had been complying with (a)(2), as evidenced by its proactive disclosure of 250 documents to its FOIA Library between November 25, 2024 and July 17, 2025.  Supp. Decl. ¶ 11.  ICE instructed Homeland Security Investigations ("HSI"), Office of Regulatory Affairs and Policy ("ORAP"), Enforcement and Removal Operations ("ERO"), and Office of the Chief Financial Officer ("OCFO") to provide any new responsive records that have been created since the last search was conducted to the ICE FOIA Office for posting to the ICE FOIA Library.  Supp. Decl. ¶ 17.  Following those searches, ICE posted a total of sixteen (16) new responsive records to the FOIA Library by July 28, 2025.  *Id.* ¶ 18–21.  Those records were created after the last search was conducted, and so were not missed by the initial search and cannot undermine the adequacy of that search.  *Id.*

ICE's voluntary undertaking of supplemental searches and the prompt posting of the records retrieved in those searches only highlights the agency's good faith.  *Cf. Corbeil v. U.S. Dep't of Just.*, 2005 WL 3275910, at *3 (D.D.C. Sept. 26, 2005) (declaring that "an agency's prompt report of the discovery of additional responsive materials may be viewed as evidence of its good faith efforts to comply with its obligations under the FOIA"); *W. Ctr. for Journalism v. IRS*, 116 F. Supp. 2d 1, 10 (D.D.C. 2000) (concluding that agency conducted reasonable search and acted in good faith by locating and releasing additional responsive records mistakenly omitted

---

[1] One of those has been removed as it is no longer current.  *Id.* ¶ 14.

from its initial response because "it is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed"), *aff'd*, 22 F. App'x 14 (D.C. Cir. 2001); *Lamb v. Millennium Challenge Corp.*, 334 F. Supp. 3d 204, 212-13 (D.D.C. 2018) (finding defendant's search adequate following supplemental declaration filed by defendant which explained inadvertent omission of document in prior release to plaintiff).

Finally, the Supplemental Declaration also makes clear that ICE continues to work on a new agency directive incorporating a March 4, 2025, memorandum issued by the DHS Chief Privacy Officer and Chief FOIA Officer, which will ensure compliance with (a)(2) moving forward.  Supp. Decl. ¶ 22–24.

### III.    Plaintiff seeks an impermissible "follow the law" injunction.

Ultimately, Plaintiff wants this Court to issue an injunction ordering ICE to comply with its obligations under section (a)(2) and conduct indefinite oversight into its compliance.  That is not allowed under FOIA.  *See Humane Soc'y of the United States v. United States Fish & Wildlife Serv.*, 838 F. App'x 721, 732 (4th Cir. 2020) ("[W]here all Appellants' []FOIA requests have been satisfied . . . and the prospective relief sought is with regard to documents not yet created, we fail to see how FOIA provides any "entitle[ment] . . . to relief.").

Moreover, courts routinely reject this type of "follow the law" injunction as illusory and inadequate in terms of providing fair notice as to the conduct that is enjoined.  *See Payne v. Travenol Lab'ys, Inc.*, 565 F.2d 895, 897 (5th Cir. 1978); *see also SEC v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011); *Gilday v. Dubois*, 124 F.3d 277, 287 (1st Cir. 1997).  This type of vague injunction fails to comply with the requirements of Federal Rule of Civil Procedure 65(d), which provides that an injunction

must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *See Louisiana v. Biden*, 45 F.4th 841, 846 (5th Cir. 2022).

Further, because a federal court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it," "[a] plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 585 U.S. 48, 73 (2018). If the Court were to find that Plaintiff has shown that ICE failed to disclose certain records that were responsive to its September 2023 FOIA request, then the Court should order ICE to produce those records to Plaintiff. In any event, no such showing has been made, and no injunction should issue.

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in favor of ICE.


Dated: July 29, 2025                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        ELIZABETH J. SHAPIRO
                                        Deputy Branch Director

                                        */s/    Elisabeth J. Neylan*
                                        Elisabeth J. Neylan
                                        Trial Attorney (N.Y. Bar Reg. No. 6125736)
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L St. NW
                                        Washington, DC 20005
                                        Tel:  (202) 616-3519
                                        Fax:  (202) 616-8460
                                        E-mail:  Elisabeth.J.Neylan@usdoj.gov

                                        *Counsel for Defendant*